NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000337
28-FEB-2019
03:20 PM

NO. CAAP-15-0000337

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RAUL ROMERO LOPEZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-14-010196)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Raul Romero Lopez (**Romero Lopez**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division (**District Court**)[1] on March 19, 2015.  Romero Lopez contends that the District Court erred by:

1.  allowing the State to amend Count 1 of the complaint; and

2.  convicting him based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we hold that the District Court lost jurisdiction over this case when Romero Lopez demanded a jury trial.  Accordingly, we vacate the Judgment and remand for proceedings consistent with this order.

On April 14, 2014, Romero Lopez was stopped by a police officer who saw him driving while allegedly using a mobile

---

[1]The Honorable Shirley M. Kawamura presided.

electronic device. On May 13, 2014, a complaint was filed in District Court charging Romero Lopez with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2010), among other things. The complaint charged that Romero Lopez was subject to one year of imprisonment for OVLPSR-OVUII under HRS § 291E-62(b)(3).

After a number of continuances, on February 19, 2015, Romero Lopez appeared in District Court with counsel, pleaded not guilty, and demanded a jury trial. When the District Court informed the parties that the case would be committed to the First Circuit Court, the State raised a concern about the Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48 deadline and orally moved to amend the Count 1 sentencing charge to HRS § 291E-62(b)(2), which called for thirty days imprisonment. The District Court granted the State's motion over Romero Lopez's objection. The District Court and the parties presumed that Romero Lopez was not entitled to a jury trial on the amended charge, and proceeded to a bench trial. Romero Lopez was convicted. This appeal followed.

The parties disagree on whether the cumulative penalties under HRS § 291E-62(b)(2) make the offense a petty misdemeanor, for which there is no right to a jury trial. State v. Lindsey, 77 Hawai'i 162, 164-65, 883 P.2d 83, 85-86 (1994) ("[E]xcept in the most extraordinary circumstances, we do not recognize the right to a jury trial for any offense where the maximum term of imprisonment is not more than thirty days.") (citations and footnote omitted). We need not decide that issue because the original charge under HRS § 291E-62(b)(3) gave Romero Lopez the right to trial by jury. HRS § 806-60 (2014) (charge carrying penalty of six months or more in prison entitles defendant to trial by twelve member jury). Once Romero Lopez demanded a jury, the District Court lost jurisdiction over the matter. State v. Villados, 55 Haw. 394, 395, 520 P.2d 427, 429

(1974).[2]  The State's motion to amend had to have been made, if at all, in the circuit court.  <u>See</u> <u>State v. Kaulia</u>, 128 Hawai'i 479, 482-83, 291 P.3d 377, 380-81 (2013).

Because the District Court lost jurisdiction over this matter when Romero Lopez demanded a jury trial, we vacate the Judgment and remand for proceedings consistent with this order.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Samson S. Shigetomi,
Deputy Public Defender
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]Romero Lopez did not raise the jurisdictional issue.  To its credit, the State identified the jurisdictional issue in its answering brief.  "The lack of jurisdiction over the subject matter cannot be waived by the parties. If the parties do not raise the issue, a court sua sponte will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid."  <u>In re Rice</u>, 68 Haw. 334, 335, 713 P.2d 426, 427 (1986) (citations and internal quotation marks omitted).